# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. RAYMOND NICHOLUS WALLACE

**Circuit Court for Tipton County**
**No. 4074**

---

**No. W2001-02598-CCA-R3-CD**

---

**ORDER  - Filed March 14, 2003**

On August 27, 2001, pursuant to a bench trial, the Circuit Court of Tipton County found the defendant, Raymond N. Wallace, guilty of driving under the influence, second offense.  For this offense, he received an effective sentence of eleven months, twenty-nine (29) days, suspended on the service of forty-five (45) days.  The court fined the defendant $600.00 and suspended his license to drive for two years. The defendant contends that the evidence presented at his trial was insufficient to support the conviction for driving under the influence of intoxicating beverages.  After a thorough review of the record before this Court, we affirm the trial court's judgment pursuant to Tennessee Court of Criminal Appeals Rule 20.

As above noted, the defendant contends that the evidence is insufficient to support his conviction for driving under the influence of intoxicating beverages. When a defendant challenges the sufficiency of the evidence, the Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty, rendered by a trier of fact, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State.  State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of  guilt.  State v. Reid, 91 S.W.3d  247, 277 (Tenn. 2002). Hence, on appeal the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id.  The  relevant question the reviewing court must answer is whether any rational trier of fact could have found  the accused guilty of every element of the offense beyond a reasonable doubt.  See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State the strongest legitimate view of the evidence as well as all  reasonable and legitimate inferences that may be  drawn therefrom. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).   As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof.  State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences  for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

After considering the proof in the light most favorable to the State, we find that the evidence was sufficient to support the conviction for driving under the influence. On May 14, 2000, at 3:30 a.m., while the defendant was traveling north on Highway 51, Officer Mike Durham of the Atoka Police Department observed the defendant's erratic driving. While attempting to pass a car, the defendant's truck went over the white fog line on the opposite side of the road, entering the median. When the defendant's truck returned to its proper lane, Officer Durham observed the vehicle weaving back and forth within the lane. At that point, Officer Durham activated his emergency lights. After pulling over, defendant got out of his truck and staggered to the patrol car. Officer Durham then proceeded to administer field sobriety tests. Although the defendant produced his driver's license without visible trouble, he smelled of intoxicating beverages and failed all three sobriety tests. The defendant, at trial, attempted to explain these failures because of an existing eye condition irritated by the patrol car's flashing lights, which had remained activated during the stop. However, the trial court was unpersuaded. This eye condition, about which the defendant submitted medical proof, would not have caused him to slur his speech. Furthermore, when the officer asked whether the defendant had any physical impairment such as an injury or illness that might impact his performance, the defendant never mentioned this condition. Coupling these facts with the smell of alcohol emanating from the defendant and his refusal to submit to a clarifying blood alcohol content test, we find the trial court's rejection of this explanation reasonable.

In sum, the defendant's claim lacks merit. Accordingly, we affirm the trial court's judgment pursuant to Tennessee Court of Criminal Appeals Rule 20. Costs of the appeal will be taxed to the appellant.

_____
JERRY L. SMITH, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
ALAN E. GLENN, JUDGE